

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA, :

                Plaintiff, :

    -against- :

KING CHONG FOOD MARKET, INC., :
WONG HONG LUE, :
and CHU FUN CHIN, :

                Defendants. :
------------------------------------------------------x

10 Civ. ____

ECF Case

COMPLAINT

      The United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, alleges upon information and belief as follows:

### INTRODUCTION

    1.    The United States of America brings this civil action on behalf of the United States Department of Agriculture ("USDA") for injunctive relief against Defendants King Chong Food Market, Inc. ("King Chong"), Wong Hong Lue, and Chu Fun Chin (collectively "Defendants"), pursuant to the Federal Meat Inspection Act, as amended, 21 U.S.C. §§ 601 *et seq.* ("FMIA"), and United States Department of Agriculture, Food Safety and Inspection Service ("USDA FSIS") regulations codified at 9 C.F.R. § 301.1 *et seq.* As set forth below, King Chong operated as a retail store but sold meat and meat products in excess of the amounts permitted for a retail establishment, thereby selling meat that was required to be inspected by the USDA but was not.

    2.    This action seeks injunctive relief pursuant to 21 U.S.C. § 674 for Defendants' violations of 21 U.S.C. §§ 610(c)(2) and 9 C.F.R. §§ 303.1(d)(2)(iii)(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because the violations took place in this district and Defendants had or have their principal places of business in this district.

## DEFENDANTS

5. King Chong operates as a retail store located at 337 Grand Street, New York, New York 10002. At all relevant times, King Chong was a New York State corporation incorporated on May 5, 1994.

6. Wong Hong Lue was at all relevant times the President and owner of King Chong.

7. Chu Fun Chin was at all relevant times the Vice President of King Chong.

## STATUTORY AND REGULATORY BACKGROUND

8. The FMIA grants the Secretary of the USDA (the "Secretary") the power to regulate and inspect meat and meat products distributed in interstate or foreign commerce or that substantially affect such commerce. See 21 U.S.C. § 602.

9. Section 3 of the FMIA provides that, for the purpose of preventing the use in commerce of meat and meat food products that are adulterated, the USDA shall inspect all species subject to the FMIA before they enter any slaughtering, packing, meat-canning, rendering or similar establishment. See 21 USC § 603.

10. Section 4 of the FMIA provides that the USDA shall inspect the carcasses and parts of animals after death prior to their preparation at any slaughtering, meat-canning, salting,

packing, rendering, or similar establishment as articles of commerce which are capable of use as human food. *See* 21 USC § 604. The inspection procedures set forth in Sections 3 and 4 of the FMIA will be referred to herein as "Federal Inspection."

11. Section 10 of the FMIA provides that no person shall sell, transport, offer for sale or transport, or receive for transportation, in commerce, any articles required to be inspected under the FMIA unless they have been subject to Federal Inspection and passed. *See* 21 U.S.C. § 610(c).

12. Section 301(c)(2) of the FMIA provides that these requirements for inspection of the preparation and processing of meat and meat products shall not apply to operations of types traditionally and usually conducted at retail stores and restaurants. *See* 21 U.S.C. § 661(c)(2).

13. Pursuant to the USDA FSIS regulations promulgated pursuant to and implementing the FMIA, the requirement of inspection for the preparation of meat products does not apply to "operations of types traditionally and usually conducted at retail stores and restaurants, when conducted at any retail store or restaurant for sale in normal retail quantities or service of such articles to consumers at such establishments." 9 C.F.R. § 303.1(d)(2).

14. A retail store is any place of business where at least 75 percent, in terms of dollar value, of total sales of product represent sales to household consumers, and the total dollar value of sales of product to non-household consumers, *i.e.* hotels, restaurants, or similar institutions, does not exceed the dollar limitation per calendar year set by the Administrator of the Food Safety and Inspection Service (the "Administrator"). *See* 9 C.F.R. §§ 303.1(d)(2)(iii)(b).

15. The dollar limitation per calendar year is a figure that is automatically adjusted during the first quarter of each calendar year, upward or downward, based on information contained in the Consumer Price Index, published by the Bureau of Labor Statistics, Department

of Labor. Notice of the adjusted dollar limitation is published in the Federal Register. *See* 9 C.F.R. § 303.1(d)(2)(iii)(b).

16. For calendar year 2005, the dollar limitation on the amount of meat and meat food products that a retail store could sell to hotels, restaurants, and similar institutions without disqualifying itself for exemption from Federal Inspection requirements was set by the Administrator at $54,500.00. *See* 70 Fed. Reg. 19,920 (Apr. 15, 2005).

17. For calendar year 2008, the dollar limitation on the amount of meat and meat food products that a retail store could sell to hotels, restaurants, and similar institutions without disqualifying itself for exemption from Federal Inspection requirements was set by the Administrator at $56,900.00. *See* 70 Fed. Reg. 24,039 (May 1, 2008).

18. For calendar year 2009, the dollar limitation on the amount of meat and meat food products that a retail store could sell to hotels, restaurants, and similar institutions without disqualifying itself for exemption from Federal Inspection requirements was set by the Administrator at $60,200.00. *See* 74 Fed. Reg. 15,433 (Apr. 6, 2009).

## FACTUAL ALLEGATIONS

19. At all times relevant to this complaint, King Chong was a retail store that prepared, transported and sold meat and meat products as articles of commerce capable of use as human food that was subject to the FMIA and USDA FSIS regulations.

20. At no time relevant to this complaint was King Chong inspected under the FMIA.

21. As set forth in greater detail below, King Chong's sales to non-household consumers exceeded the dollar-limits for the retail store exemption to the Federal Inspection requirement for calendar years 2005, 2008 and 2009.

22. King Chong's total sales to non-household consumers for the calendar year 2005 reached at least $86,502.73, which meant that King Chong exceeded the 2005 dollar limitation for a retail sale exemption by at least $32,002.73.

23. On or about August 11, 2006, USDA informed King Chong that it could take legal action to enjoin King Chong from violating the FMIA and USDA FSIS regulations if King Chong continued to sell meat and poultry product in excess of the annual dollar limitation.

24. King Chong's total sales to non-household consumers for the 2008 calendar year reached at least $58,204.65, which meant that King Chong exceeded the 2008 dollar limitation for a retail sale exemption by at least $1,304.65.

25. King Chong's total sales to non-household consumers for the calendar year 2009 reached at least $80,754.15, which meant that King Chong exceeded the 2009 dollar limitation for a retail sale exemption by at least $20,554.15.

## FIRST CLAIM FOR RELIEF

26. Paragraphs 1 through 25 above are repeated and realleged as if set forth fully in this paragraph.

27. In 2005, Defendants exceeded the calendar year 2005 dollar limitation on the amount of meat and meat food products that could be sold to non-household consumers without Federal Inspection. This conduct violated 21 U.S.C. § 610(c).

## SECOND CLAIM FOR RELIEF

28. Paragraphs 1 through 25 above are repeated and realleged as if set forth fully in this paragraph.

29. In 2008, Defendants exceeded the calendar year 2008 dollar limitation on the amount of meat and meat food products that could be sold to non-household consumers without Federal Inspection. This conduct violated 21 U.S.C. § 610(c).

### THIRD CLAIM FOR RELIEF

30. Paragraphs 1 through 25 above are repeated and realleged as if set forth fully in this paragraph.

31. In 2009, Defendants exceeded the calendar year 2009 dollar limitation on the amount of meat and meat food products that could be sold to non-household consumers without Federal Inspection. This conduct violated 21 U.S.C. § 610(c).

WHEREFORE, the United States of America respectfully requests that this Court enter judgment as follows:

1. Ordering the Defendants to comply with the FMIA, as well as the regulations promulgated thereunder.

2. Enjoining the Defendants from engaging in future violations of the FMIA as well as the regulations promulgated thereunder.

3. Granting the United States such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 6, 2011

                        PREET BHARARA
                        United States Attorney
                        Southern District of New York
                        Attorney for the United States of America

By: _____
       BRIAN K. MORGAN
       Assistant United States Attorney
       86 Chambers Street, 3rd Fl.
       New York, New York 10007
       Tel.: (212) 637-2699
       Fax: (212) 637-2699
       E-mail: brian.morgan@usdoj.gov